IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-00202-TLN |
| Plaintiff, | **ORDER REGARDING COMPETENCY EVALUATION** |
| v. | |
| GABRIEL VICENTE ARAUZA, | HEARING: September 26, 2019<br>TIME: 9:30 a.m. |
| Defendant. | COURT: Hon. Troy L. Nunley |

### ORDER

On January 28, 2019, the defendant's prior defense attorney Matthew Bockmon filed a Motion to Determine Competency requesting that the Court set a hearing to determine the defendant's competency to stand trial. (Doc. 14.) On February 28, 2019, the parties appeared before the Court for hearing and argument on the defendant's motion. (Doc. 15.) During the hearing the defendant's attorney declared a doubt as to the defendant's competency to stand trial.

On May 30, 2019, defense attorney Matthew Bockmon was replaced as counsel of record by Shari Rusk. (Doc. 19.) New defense counsel has met with the defendant, reviewed the discovery, and located a doctor to conduct the competency evaluation.

///

1

After consideration of the arguments raised during the hearing and the record to date, the Court hereby finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court hereby grants the defendant's Motion to Determine Competency.

Accordingly, the Court hereby **ORDERS** that:

(1) the defendant Gabriel Arauza shall submit to a mental competency evaluation to assess his competency to stand trial in this case;

(2) the mental competency evaluation shall be conducted by: Dr. Jennie Singer, 163 2nd Street, Woodland, California;

(3) such evaluation shall address the legal issue of competency of Gabriel Arauza, Dr. Singer shall review the BOP Guidelines for Forensic Evaluations and incorporate the same protocol, such as the defendant's history, behavior observations, collateral observations (such as police reports), medical history, psychological testing, and forensic interviews;

(4) the report regarding the competency evaluation shall be returned to the Court by October 24, 2019;

(5) time is excluded from February 28, 2019, through October 31, 2019, pursuant 18 U.S.C. § 3161(h)(1)(A) (Local Code A) and 18 U.S.C. § 3161(h)(4) (Local Code N); and

(6) this matter is scheduled for a status hearing on October 31, 2019.

**IT IS SO ORDERED.**

DATED: August 12, 2019

_____
Troy L. Nunley
United States District Judge