McGREGOR W. SCOTT
United States Attorney
JUSTIN L. LEE
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00202-TLN |
|---|---|
| Plaintiff, | STIPULATION CONTINUING STATUS CONFERENCE & NON-EVIDENTIARY HEARING; STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| GABRIEL ARAUZA, | |
| Defendant. | DATE: April 2, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference regarding defendant's competence and a non-evidentiary hearing on defendant's motion to suppress on April 2, 2020. *See* Dkt. No. 35.

2. By this stipulation, defendant now moves to continue the status conference and non-evidentiary hearing until May 7, 2020, at 9:30 a.m.. The defendant and the government agree that the time between April 2, 2020 and May 7, 2020 is automatically excludable under the Speedy Trial Act, because there is still pending a pre-trial motion to suppress. *See* 18 U.S.C. § 3161(h)(1)(D).

3. Moreover, defendant separately moves to exclude time between April 2, 2020, and May

7, 2020, at 9:30 a.m., under 18 U.S.C. § 3161(h)(7) and Local Code T4.

4. Regarding this Local Code T4 motion, the parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes police reports, probation officer reports, documents related to the defendant's criminal history, and other paper discovery. All of this discovery has been produced to defendant's counsel.

b) Defense counsel desires additional time to review the discovery, review the government's opposition to defendant's motion to suppress, conduct additional research into this case, discuss the case with her client, prepare for the hearing concerning defendant's motion to suppress, and otherwise prepare for trial in this matter.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Finally, in addition to the general public-health concerns cited by General Order Nos. 611 and 612 issued by this Court on March 17 and 18, 2020, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact to the greatest extent possible, and—consistent with that public-health guidance—it will be difficult for defense counsel to adequately prepare for the hearing and meet with her client in advance of such hearing.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 2, 2020 to May 7, 2020, at 9:30 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on

the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 26, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ AARON D. PENNEKAMP
AARON D. PENNEKAMP
Assistant United States Attorney

Dated:  March 26, 2020

/s/ SHARI RUSK
SHARI RUSK
Counsel for Defendant
GABRIEL ARAUZA

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 26th day of March, 2020.

Troy L. Nunley
United States District Judge