McGREGOR W. SCOTT
United States Attorney
JUSTIN L. LEE
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>GABRIEL ARAUZA,<br><br>     Defendant. | CASE NO.  2:18-CR-00202-TLN<br><br>STIPULATION CONTINUING STATUS CONFERENCE & NON-EVIDENTIARY HEARING; STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: June 4, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

   This case is set for a status conference and non-evidentiary hearing on June 4, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice," and allows district judges to exercise their discretion to continue all criminal matters on a case-by-case basis.  This and previous General Orders were entered to address public health concerns related to COVID-19.

   Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

1

judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767–68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference and non-evidentiary hearing.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.　By previous order, this matter was set for a status conference regarding defendant's competence and a non-evidentiary hearing on defendant's motion to suppress on June 4, 2020.

2.　By this stipulation, defendant now moves to continue the status conference and non-evidentiary hearing until July 16, 2020, at 9:30 a.m..[2]  The defendant and the government agree that the time between June 4, 2020 and July 16, 2020 is automatically excludable under the Speedy Trial Act, because there is still pending a pre-trial motion to suppress.  *See* 18 U.S.C. § 3161(h)(1)(D).

3.　Moreover, defendant separately moves to exclude time between June 4, 2020, and July 16, 2020, at 9:30 a.m., under 18 U.S.C. § 3161(h)(7) and Local Code T4.

4.　Regarding this Local Code T4 motion, the parties agree and stipulate, and request that the Court find the following:

a)　The government has represented that the discovery associated with this case includes police reports, probation officer reports, documents related to the defendant's criminal history, and other paper discovery.  All of this discovery has been produced to defendant's counsel.

b)　Defense counsel desires additional time to review the discovery, review the government's opposition to defendant's motion to suppress, conduct additional research into this case, discuss the case with her client and other potential witnesses, prepare for the hearing concerning defendant's motion to suppress, and otherwise prepare for trial in this matter.

c)　Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)　The government does not object to the continuance.

---

[2] Per the parties' email correspondence with the Court on May 1, 2020, the government continues to believe that Arauza's pending motion to suppress can be resolved by this Court without a hearing.  Arauza is not yet prepared to stipulate to submitting his motion on the briefs, however.  To the extent the Court elects to resolve the pending motion to suppress without a hearing, the parties jointly request that the Court convert the continued July 16, 2020 status conference and non-evidentiary hearing into a status conference, and that the time between June 4, 2020 and the July 16, 2020 status conference be excluded under the Speedy Trial Act for the reasons given in this stipulation.

e)      Finally, in addition to the general public-health concerns cited by, among other documents, General Order Nos. 611, 612, 617, and 618, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact with non-family members to the greatest extent possible, and—consistent with that public-health guidance—it will be difficult for defense counsel to adequately prepare for the hearing and investigate the factual circumstances underlying the defendant's motion, the government's opposition, and other matters regarding this case in advance of such hearing.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 4, 2020 to July 16, 2020, at 9:30 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///
///
///

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

1  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

2  must commence.

3          IT IS SO STIPULATED.

4

   Dated:  May 27, 2020                                    McGREGOR W. SCOTT
5                                                          United States Attorney

6                                                          /s/ AARON D. PENNEKAMP
7                                                          AARON D. PENNEKAMP
                                                           Assistant United States Attorney
8

9

   Dated:  May 27, 2020                                    /s/ SHARI RUSK
10                                                         SHARI RUSK
                                                           Counsel for Defendant
11                                                         GABRIEL ARAUZA

12

13                              **FINDINGS AND ORDER**

14          IT IS SO FOUND AND ORDERED this 27th day of May, 2020.

15

16

17

18                                                      _____
                                                        Troy L. Nunley
19                                                      United States District Judge

20

21

22

23

24

25

26

27

28