UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL VINCENTE ARAUZA,<br><br>Defendant. | No. 2:18-cr-00202-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Gabriel Vincente Arauza's ("Defendant") Motion for Sentence Reduction. (ECF No. 95.) The Federal Defender's Office filed a notice indicating it would not assume representation of Defendant in this matter. (ECF No. 100.) The Government filed an opposition. (ECF No. 101.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

On September 2, 2021, Defendant pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 60, 63.) In the presentence report ("PSR"), the probation officer found a total offense level of 34 and a criminal history category of VI based on a criminal history score of 14. (ECF No. 67 at 6.) Defendant's criminal history category was calculated by assigning 12 points based on prior criminal convictions and two "status points" under the prior version of U.S.S.G. § 4A1.1(d). (*Id.* at 10.) Defendant was also determined to be a career offender. (*Id.*) At sentencing, the Court adopted the PSR in full

and sentenced Defendant to a 210-month sentence of imprisonment, which fell below the applicable guideline range of 262 to 327 months.  (ECF No. 74.)

On July 1, 2024, Defendant, proceeding *pro se*, filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c), which allows for a sentence reduction when a defendant's guideline range has subsequently been lowered by the Sentencing Commission. (ECF No. 95.)  Defendant's request is based on Amendment 821, which became effective in November 2023.  (*Id.*)

Two provisions of Amendment 821 apply retroactively.  U.S.S.G § 1B1.10(d).  First, in Part A, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e).  Under the amended provision, a person who otherwise presents 7 or more criminal history points now receives 1 status criminal history point, instead of 2, for an offense committed while under a criminal justice sentence, while a person who otherwise presents 6 or fewer criminal history points receives no status points.  *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).  Second, in Part B Subpart 1, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria.

Defendant is not eligible for a reduction under either provision.  First, as to the status point provision, even if the Court reduced Defendant's criminal history score by 1 point, the resulting criminal history category would still be VI.  Because the application of the new status point provision would not reduce Defendant's guideline range, the Court cannot reduce his sentence on that basis.  *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").  Second, Defendant does not qualify as a zero-point offender because he received 12 criminal history points.  *See* U.S.S.G. § 4C1.1(a)(1) (requiring that the defendant must not have received any criminal history points from Chapter Four, Part A).

///

1    For the foregoing reasons, the Court DENIES Defendant's motion.  (ECF No. 95.)

2    IT IS SO ORDERED.

3  Date: September 16, 2024

```
                                          Troy L. Nunley
                                          United States District Judge
```