UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff/Respondent,<br><br>   v.<br><br>GABRIEL VICENTE ARAUZA,<br><br>          Defendant/Movant. | No.  2:18-cr-0202 DC AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.  ECF No. 89.  The government opposes the motion.  ECF No. 94.  Movant did not file a reply, and the time to do so has expired.  See ECF No. 106.  For the reasons that follow, the undersigned recommends that the motion be denied as barred by movant's waiver of collateral review.

I.     Relevant Procedural Background

Mr. Arauza was charged by indictment with one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  ECF 8.  The charges arose from a probation search of an apartment where he had been staying.  See ECF 67 (PSR), ¶ 7.

Defense counsel filed a motion to suppress evidence.  ECF No. 30.  The defense contended that the search violated the Fourth Amendment for two reasons: (1) there was no justification for a protective sweep; and (2) defendant's community supervisions status did not

1

1    justify a warrantless search.  On the latter point, defendant argued in the alternative that even if a

2    warrantless probation search of defendant's residence was permissible, the officers lacked

3    probable cause to believe that he resided at the apartment.  Id.  The motion was denied under the

4    independent source doctrine.  ECF No. 43.  In sum, Judge Nunley found that the drugs would

5    have been found in any event pursuant to a search warrant which was issued after the warrantless

6    entry and pursuant to which the drugs were seized; that warrant was based in part on evidence

7    obtained prior to the warrantless entry, which was sufficient to establish probable cause even

8    without consideration of arguably tainted evidence.  Id. at 6, 8-11.

9         On September 2, 2021, defendant entered a guilty plea pursuant to a written plea

10    agreement which he signed.  ECF Nos. 60 (minutes), 63 (plea agreement).  The agreement

11    included a waiver of appeal and collateral attack.  ECF No. 63 at 6-7.[1]  During the plea colloquy

12    defendant was advised of the waiver, and he affirmed his understanding of it and agreement to it.

13    ECF No. 79 (transcript) at 7-8, 12.  Defense counsel stated that she was satisfied defendant's

14    waiver of collateral attack was knowing and voluntary.  Id. at 12.  Judge Nunley found that the

15    defendant was competent to enter an informed plea, and that his waivers were all voluntary,

16    knowing, and intelligent.  Id. at 16.

17         Mr. Arauza filed an appeal, which was later voluntarily dismissed.  ECF Nos. 85, 88.

18         The instant § 2255 motion was filed on October 4, 2023.[2]  ECF No. 89.  It presents four

19    putative grounds for relief, all related to the legality of the search that was at issue on the motion

20    to suppress.  Id.  Claim One alleges that defense counsel provided ineffective assistance in

21    relation to the suppression motion.  Id. at 4, 13-15.[3]

22    _____

23    [1]  Citations to docket entries refer to the pagination imposed by the court's electronic filing
      system.  The docketed copy of the plea agreement is missing page 4 of the original plea
24    agreement (which is not relevant to the waiver issue), creating inconsistency between the ECF
      pagination and the pagination internal to the document.
25    [2]  The government argues that the petition is untimely.  ECF No. 94 at 3-5.  However, because the
      petition is barred by movant's waiver as explained below, the court does not reach this issue.
26    [3]  A motion under § 2255 is the equivalent of a habeas petition, Davis v. United States, 417 U.S.
      333, 343-344 (1974), and violations of the Fourth Amendment are not cognizable in habeas.  See
27    Stone v. Powell, 428 U.S. 465 (1976).  While movant's ineffective assistance of counsel claim
      would be cognizable on collateral review if not waived, any freestanding claims of an illegal
28    search would be barred by Stone.

1    II.    Waiver of Post-Conviction Review

2         A defendant may waive the statutory right to collaterally attack his sentence or conviction.

3    United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).[4]  An appellate waiver is

4    enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal on

5    the grounds raised, and (2) the waiver is knowingly and voluntarily made."  United States v.

6    Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v.

7    Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).  A reviewing court looks "to the

8    circumstances surrounding the signing and entry of the plea agreement to determine whether the

9    defendant agreed to its terms knowingly and voluntarily."  United States v. Baramdyka, 95 F.3d

10   840, 843 (9th Cir. 1996).

11        The language of movant's waiver was broad:

12            **Waiver of Appeal and Collateral Attack**

13            The defendant understands that the law gives the defendant a right to
             appeal his guilty pleas, conviction, and sentence.  The defendant
14           agrees as part of his plea, however, to give up the right to appeal any
             aspect of the guilty plea, the conviction, and the sentence imposed in
15           this case.  The defendant specifically waives the right to challenge
             the constitutionality of the statute of conviction, including any
16           appellate claims under Blackledge v. Perry, 417 U.S. 21 (1974) and
             Class v. United States, 138 S. Ct.  798, 803 (2018).
17
             Notwithstanding the defendant's waiver of appeal, the defendant will
18           retain the right of appeal if one of the following circumstances
             occurs: (1) the sentence imposed by the District Court exceeds the
19           statutory maximum; and/or (2) the government appeals the sentence
             in this case.  The defendant understands that these two circumstances
20           occur infrequently and that in all other cases this Agreement
             constitutes a complete waiver of all appellate rights.
21
             In addition, the defendant gives up any right to bring a collateral
22           attack, including a motion under 28 U.S.C.  § 2255 or § 2241,
             challenging any aspect of his guilty plea, conviction, or sentence.
23           Therefore, the defendant cannot later decide that he is unhappy with
             his plea, conviction, or sentence and seek to amend, alter, withdraw,
24           or overturn it.

25   ECF No. 63 at 6-7.

26   ////

27
     _____
     [4]  A waiver does not bar a claim that challenges the validity of the waiver itself, Abarca, 985 F.2d
28   at 1014, but movant presents no such claim here.

                                          3

1   This language plainly encompasses any and all potential grounds for relief under § 2255,

2   including those presented here.  See Jeronimo, 398 F.3d at 1154 (holding that broad waiver of

3   rights to appeal precludes appeals based on "all grounds").  The sentence imposed on movant did

4   not exceed the statutory maximum and the government did not appeal, which are the only

5   circumstances in which post-conviction review remains available under the plain language of the

6   agreement.  Because the claims in the § 2255 motion come within the scope of the waiver, the

7   first requirement for enforceability is satisfied.

8   As for the voluntariness of the waiver, both the written plea agreement and the transcript

9   of the plea colloquy reflect that movant understood the rights he was waiving, had been

10  adequately advised by counsel, and voluntarily chose to give up those rights—including the right

11  to post-conviction review—in order to obtain the benefit of his bargain.  See ECF No. 63 at 6-7,

12  7-8; ECF No. 79 at 7-8.  Movant was specifically informed by Judge Nunley of the terms of the

13  waiver of appeal and collateral attack, as required.  ECF No. 79 at 12; see United States v. Lo,

14  839 F.3d 777, 784 (9th Cir. 2016).

15  Movant has made no argument and proffered no facts that would call the knowing and

16  voluntary nature of the waiver into question.  The factual allegations in the § 2255 motion

17  exclusively address movant's arrest and the search of the apartment where the drugs were found.

18  He makes no allegations regarding the circumstances of his plea, and he failed to file a reply to

19  the government's opposition raising this issue.   Because all the circumstances before the court

20  indicate that the waiver was valid, the undersigned concludes that it is enforceable and requires

21  dismissal of the§ 2255 motion.  See United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021),

22  cert. denied, 142 S.Ct. 2666 (2022).

23  CONCLUSION

24  For the reasons explained above, it is HEREBY RECOMMENDED that the § 2255

25  motion at ECF No. 89 be DENIED.

26  These findings and recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen days

28  after being served with these findings and recommendations, any party may file written

4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE